## Wm. J. Evans and Annie Evans v. Albert N. Eastman, Donald McIntyre and Squire Harris.

1. APPELLATE COURT PRACTICE—*In Case of Partial Reversion.*—The Appellate Court in case of a partial reversion, will give such judgment or decree as the inferior court ought to have given, and for this purpose it may allow the entering of a remittitur, either in term time or vacation, or remand the cause to the inferior court for further proceedings, as the case may require.

2. SAME—*Where the Decree of the Lower Court is Affirmed.*—In case the decree of the lower court is affirmed, upon a copy of the order of the Appellate Court being filed in the office of the clerk of the lower court. " execution may issue and other proceedings may be had therein in all respects as if no appeal or writ of error had been presented."

3. SAME—*Where a Notice is Required.*—A notice to the adverse party is required only in the event of a case being remanded for a new trial or hearing by the court.

Foreclosure of a Trust Deed.—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed October 19, 1899.

Statement.—Defendant in error Eastman filed a bill against plaintiffs in error and others in the Circuit Court of Cook County, to foreclose a trust deed on certain real estate in Cook county, and obtained a decree in his favor, from which

plaintiff in error William J. Evans alone prosecuted a writ of error to this court, where the decree of the court below was affirmed except that portion continuing the receiver after sale, and so much of the decree as directed what he should do with the moneys by him thereafter received, which was reversed. See Evans v. Eastman, 60 Ill. App. 332.

Plaintiff in error Annie Evans was defaulted in the court below and did not appear in the Appellate Court.

The mandate of the Appellate Court was filed in the court below on February 3, 1896, and the order entered by the Circuit Court on that date is as follows:

"On motion of solicitor, it is ordered that leave be granted to reinstate and redocket the above entitled cause in this court, per remanding order filed here this date."

The chancery register kept by the clerk of the Circuit Court shows that the mandate was filed January 24, 1896, but no notice appears to have been served upon either of the plaintiffs in error that said mandate was or would be filed, or that a motion would be made to reinstate or redocket the cause.

No new decree was entered, and thereafter, from time to time, the Circuit Court proceeded, upon notice to plaintiff in error William J. Evans, with the execution of the original decree in the cause, which was full and complete in all its details, providing for a sale of the premises in question, a distribution of the proceeds of such sale, issuing of a certificate thereon, and in case of a failure to redeem, for the issuing of a deed and possession of the property, except that no action was taken under that portion of the decree which was reversed.

The master having made a sale pursuant to the directions of the original decree, which showed a deficiency due to defendant in error Eastman of $5,476, his report was confirmed by the chancellor on April 16, 1898, a deficiency decree rendered for the amount reported and interest thereon, and the receivership continued for the benefit of the deficiency decree during the period of redemption, or until the deficiency decree should be paid or satisfied.

Plaintiffs in error prosecute this writ of error and claim that the Circuit Court had no jurisdiction to enter the reinstating order of February 3, 1896, because no notice was served upon them, and that the Circuit Court erred in confirming the master's report of sale and entering the deficiency decree of April 16, 1898.

CONSIDER H. WILLETT, attorney for plaintiffs in error.

ALBERT N. EASTMAN, *pro se*, and attorney for defendants in error.

MR. JUSTICE WINDES delivered the opinion of the court.

Secs. 81, 82 and 83, Chap. 110, of Ill. Rev. Stats., are as follows:

"Sec. 81. The Supreme Court or Appellate Court, in case of a partial reversal, shall give such judgment or decree as the inferior court ought to have given, and for this purpose may allow the entering of a remittitur, either in term time or vacation, or remand the cause to the inferior court for further proceeding, as the case may require.

"Sec. 82. When an appeal or writ of error shall be prosecuted from a judgment, order or decree to the Supreme Court or Appellate Court, and such appeal or writ of error is dismissed, or the judgment, order or decree is affirmed, upon a copy of the order of the Supreme Court or Appellate Court, as the case may be, being filed in the office of the clerk of the court from which the case was originally removed, execution may issue and other proceedings may be had therein in all respects as if no appeal or writ of error had been prosecuted.

"Sec. 83. When any cause or proceeding either at law or in chancery, is remanded by the Supreme Court or Appellate Court, as the case may be, for a new trial or hearing by the court in which such cause was originally tried, the Supreme Court, or Appellate Court, as the case may be, shall issue its mandate reversing and remanding such cause directly to such trial court; and upon a transcript of the order of the Supreme Court or Appellate Court, as the case may be, remanding the same, being filed in the court in which such cause was originally tried, and not less than ten days' notice thereof being giving to the adverse party or

Evans v. Eastman.

his attorney, the cause or proceeding shall be reinstated therein."

The contention of plaintiffs in error that they were entitled to ten days' notice of the reinstating and redocketing of the cause in the court below, and that the mandate of the Appellate Court would be filed, is not tenable.

The original decree of the Circuit Court, as it will be observed from the statement preceding this opinion, was affirmed, except a certain part of the decree, which was reversed, but no remanding order was made, and the proceedings thereafter to be taken in the Circuit Court are governed by Secs. 81 and 82, *supra*. By Sec. 81 it is provided that where there is a partial reversal the Appellate Court might enter such decree or judgment as the lower court ought to have done. This was accomplished by the simple reversal of that part of the decree which the Appellate Court found to be erroneous, and was complete without any remanding order as to that part of the decree.

By Sec. 82 it is provided that in case the decree of the lower court is affirmed, upon a copy of the order of the Appellate Court being filed in the office of the clerk of the lower court, "execution may issue and other proceedings may be had therein in all respects as if no appeal or writ of error had been prosecuted." In each of these cases no notice is required. A notice is required only in the event of a case being remanded "for a new trial or hearing by the court." (Sec. 83, *supra*.) In the case at bar, as we have seen, there was no remanding order, and nothing remained for the court below except to execute its original decree, save in the respects in which it was reversed.

The whole of the argument of counsel for plaintiffs in error being based upon the contention that the Circuit Court had no jurisdiction to reinstate the cause, what we have said fully disposes of the several errors assigned.

In view of the disposition of this case by the court we deem it unnecessary to pass upon the motion of defendants in error to dismiss the writ of error.

There being no error in the record, the decree of the Circuit Court is affirmed.